# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE THERESA HERBON, | Case No. CV 19-00838-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On February 4, 2019, Joyce Theresa Herbon ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on May 13, 2019. (Dkt. 13.) On November 18, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 21.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 56 year-old female who applied for Social Security Disability Insurance benefits on February 2, 2016, alleging disability beginning October 1, 2014. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 1, 2014, the alleged onset date. (AR 17.)

Plaintiff's claim was denied initially on June 24, 2016. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") James Carberry on February 1, 2018, in Norwalk, California. (AR 15.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 15.) Vocational expert ("VE") June C. Hagen also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on March 21, 2018. (AR 15-30.) The Appeals Council denied review on December 10, 2018. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's testimony and made appropriate credibility findings.
2. Whether the ALJ properly considered the opinions of Plaintiff's primary doctor, Rafael Rubalcava, M.D.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 1, 2014, the alleged onset date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: multiple sclerosis, anxiety, affective disorder. (AR 17-18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 18-19.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> Claimant can lift, carry, push, or pull 20 lbs. occasionally and 10 lbs. frequently; she can stand and/or walk 6 hours in an 8-hour workday; she can sit 6 hours in an 8-hour workday; she can frequently climb ramps or stairs, but never ladders, ropes, or scaffolds; she can frequently balance, stoop, kneel, crouch, and crawl; she should have no exposure to unprotected heights or dangerous machines; she can only perform simple, routine, and repetitive tasks, but not at a fast pace.

(AR 20-28.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 20.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as an office manager. (AR 28.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of marker and routing clerk. (AR 28-29.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 29-30.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

**I.     THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

**A.     The ALJ Properly Considered The Medical Evidence**

Plaintiff contends that the ALJ erred in rejecting the testimony of Dr. Rafael Rubalcava. The Court disagrees.

### 1. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v.

Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2. Analysis

Plaintiff claims she is unable to work because of multiple sclerosis with concentration deficits. (AR 20.) She alleges symptoms of fatigue, imbalance, dizziness, depression, anxiety, frustration, heat and cold intolerance, leg numbness, leg spasms, diffuse pain, lower extremity weakness, and difficulty concentrating. (AR 21.) The ALJ did find that Plaintiff has the medically determinable severe impairments of multiple sclerosis, anxiety, and affective disorder. (AR 17.) Notwithstanding those impairments, the ALJ assessed Plaintiff with a reduced range of light work RFC (AR 19-20) and thus concluded Plaintiff was not disabled from the alleged onset date of October 1, 2014, through the date of decision on March 21, 2018. (AR 30.)

In June 2016, consulting psychiatrist Dr. Ernest Bagner assessed that Plaintiff had mostly mild functional limitations due to her mental impairments. (AR 23-24, 25.) There was no evidence of significant ongoing mental status abnormalities. (AR 21, 24-25, 26.) Her mental health treatment has been generally conservative involving routine medication management. (AR 21, 24-25, 26.) Plaintiff admitted at the hearing that she was no longer seeing a mental health professional. (AR 21, 25, 26.) In June 2016, State agency reviewing physician Dara Goosby opined that Plaintiff has retained the mental capacity to perform work involving simple and some detailed tasks, with limited public contact. (AR 24.) In January 2018, consulting psychologist Dr. Ahmad Riahinejad also opined that Plaintiff was able to carry

out simple and repetitive instructions. (AR 25.) The ALJ adopted these limitations in the RFC. (AR 20.) Plaintiff does not challenge the ALJ's findings regarding Plaintiff's mental impairments.

Physically, Plaintiff's treatment notes demonstrate generally stable symptoms and routine medical treatment that remained generally unchanged during the alleged period of disability. (AR 25, 27.) No less than four physicians assessed Plaintiff with a light work RFC with restrictions. On May 24, 2016, Plaintiff was evaluated by consulting internist Dr. Rocyely Ella-Tamayo. (AR 23.) Dr. Tamayo noted a 2014 MRI study that showed lesions of multiple sclerosis. (AR 23.) Plaintiff reported she was able to drive. (AR 23.) She was in no acute distress, her gait was normal, and physical and neurological examinations were normal. (AR 23.) Dr. Ella-Tamayo opined that Plaintiff could perform light work. (AR 126.) The ALJ gave significant weight to this opinion. (AR 26.)

On June 18, 2016, State agency reviewing physician Dr. A. Alston opined Plaintiff can perform a restricted range of light work. (AR 25.) On November 28, 2017, State agency reviewing physician Dr. R. Cohen also opined that Plaintiff can perform light work with restrictions. (AR 26.)

On January 17, 2018, Plaintiff underwent a consulting examination with consulting internist, Dr. Sheila Benrazavi. (AR 24.) Dr. Benrazavi's examination was largely normal with no atrophy; Plaintiff had normal reflexes, and her gait was normal. (AR 24.) Dr. Benrazavi opined Plaintiff was capable of performing a reduced range of medium work. (AR 26.)

In marked contrast to the above medical opinion evidence, Plaintiff's treating doctor Dr. Rafael Rubalcava opined Plaintiff was totally disabled, could perform only less than sedentary work, would miss more than 4 days of work per month, and was incapable of even low stress work. (AR 27.) The ALJ rejected Dr. Rubalcava's opinion as poorly supported and inconsistent with the medical record. An ALJ may reject a treating physician's opinion that is unsupported by the record as a whole. Batson v. Comm'r, 359 F.3d 1190, 1195 and n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216. Dr. Rubalcava's opinion is contradicted by the four medical opinions discussed above, which conclude that Plaintiff is capable of light or medium

work. (AR 27.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ also noted that Plaintiff has been able to perform significant activities of daily living (discussed below) indicative of greater functional capacity than alleged. (AR 27.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216.

Plaintiff disagrees with the ALJ's evaluation of the record, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d at 853, 857 (9th Cir. 2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ's rejection of the opinion of Dr. Rubalcava is based on substantial evidence. The ALJ properly considered the medical evidence.

**B. The ALJ Properly Discounted Plaintiff's Subjective Symptom Allegations**

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

### 1. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."

Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

2. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable severe impairments reasonably could be expected to cause the alleged symptoms. (AR 20.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 20.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that a number of extensive medical evaluations demonstrated objective medical findings indicative of greater functional capacity than alleged. (AR 21, 23, 25.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, Plaintiff's treatment notes demonstrate generally stable symptoms and greater physical functional capacity than alleged. (AR 21.) Independent consulting examinations showed clinical abnormalities indicative of lesser severity of symptoms than alleged by Plaintiff. (AR 23.) Four physicians opined Plaintiff could perform light or medium work, as summarized above. Mental health professionals found Plaintiff could carry out simple, repetitive instructions. (AR 24, 25.)

Second, Plaintiff's treatment was largely conservative in nature consisting of medication and some physical and occupational therapy. (AR 21-24.) An ALJ may consider conservative treatment in evaluating subjective symptom allegations. Tommasetti, 533 F.3d at 1039. Impairments that can be controlled with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

Third, the ALJ found that Plaintiff's activities of daily living were inconsistent with her subjective symptom allegations, which is a legitimate consideration in evaluating those allegations. Bunnell, 947 F.2d at 345-46. Here, the ALJ found that Plaintiff had reported "significant activities of daily living." (AR 21.) These include performing household chores, running errands, shopping, and cooking. (AR 23.) She also is able to drive. (AR 23.) Plaintiff contends that these activities do not mean she can work a full time job but the inconsistent daily activities prove that her alleged symptoms are not as severe as alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

///

///

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 17, 2020

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE